**ABRAMS FENSTERMAN,** *ET AL.*
Deborah J. Piazza, Esq.
Danielle Elias, Esq.
630 Third Avenue, 5th Floor
New York, NY 10017
Tel: (212) 279-9200
Fax: (212) 279-0600
dpiazza@abramslaw.com
delias@abramslaw.com

*Proposed Counsel for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PENINSULA HOSPITAL CENTER, et al., | : | Case No. 11-47056 (ESS) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |

-------------------------------------------------------- X

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
(A) AUTHORIZING THE DEBTORS TO PREPARE A LIST OF
CREDITORS IN LIEU OF A FORMATTED MAILING MATRIX;
(B) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS;
AND (C) APPROVING THE FORM AND MANNER OF NOTICE OF
COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

Peninsula Hospital Center ("**PHC**") and Peninsula General Nursing Home Corp. d/b/a Peninsula Center For Extended Care & Rehabilitation ("**PGN**"), as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Organizations**" or the "**Debtors**") in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (the "**Motion**") for entry of an order (a) authorizing the Debtors to prepare a list of creditors in lieu of a formatted mailing matrix; (b) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors; and (c) approving the form and manner of notice of

1

commencement of the Debtors' Chapter 11 Cases. In support of the Motion, the Debtors rely upon the Declaration of Todd Miller Pursuant to Local Bankruptcy Rule 1007-4 and in Support of First Day Motions and Applications (the "**Miller Affidavit**"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 342(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a)(1) and (d) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## GENERAL BACKGROUND

4. On the date hereof (the "Petition Date"), PHC consented to the Order for Relief being entered under chapter 11 of the Bankruptcy Code Debtor and PGN filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors have requested that the Chapter 11 Cases be jointly administered for procedural purposes only.

5. The Debtors are operating their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

## THE DEBOTRS' HISTORY AND BUSINESS

6. The facts set forth herein are based on the 1007-4 the Miller Affidavit sworn to on September 19, 2011 and made pursuant to Local Bankruptcy Rule 1007-4. The Miller Affidavit has been filed with the Court along with the Debtors' Chapter 11 cases and several first day motions (collectively, the "**First Day Motions**"). In the interest of brevity, the

facts and statements described in the Miller Affidavit are incorporated herein by reference.

### FACTS RELEVANT TO THE MOTION

7. The Debtors estimate that, in the aggregate, they have over 530 creditors on a consolidated basis.

8. The Debtors anticipate filing an application to retain Garden City Group ("**GCG**") as their notice and claims agent in these Chapter 11 Cases ("**Proposed Notice and Claims Agent**"). If that motion is granted, GCG will, among other things (a) assist with the consolidation of the Debtors' computer records into a creditor database and prepare creditor lists; (b) mail notices to the parties in such database, including, without limitation, the notice of commencement of these Chapter 11 Cases; and (c) undertake any other mailings directed by the Court, United States Trustee for the Southern District of New York ("**U.S. Trustee**"), or required by the Bankruptcy Code or Bankruptcy Rules. The Debtors believe that using GCG for this purpose will maximize administrative efficiency in these Chapter 11 Cases and reduce the administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.

9. After consulting with GCG, the Debtors believe that preparing the consolidated list in the format or formats currently maintained by the Debtors in the ordinary course of business will be sufficient to permit GCG to promptly provide notices to all appropriate parties. Accordingly, the Debtors believe that maintaining their lists of creditors in electronic format rather than preparing and filing separate matrices will maximize efficiency, increase accuracy, and reduce costs to the benefit of the estates.

### RELIEF REQUESTED

10. Pursuant to sections 105(a), 342(a), and 521 of the Bankruptcy Code, the Debtors seek entry of an order in substantially the form annexed hereto as **Exhibit A** (a)

authorizing the Debtors to prepare a consolidated list of creditors in the format or formats currently maintained in the ordinary course of business in lieu of submitting any required mailing matrix; (b) authorizing the Debtors file a consolidated list of the Debtors' 30 largest unsecured creditors; and (c) approving the form and manner of notice of commencement of the Debtors' Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED

**Cause Exists to Authorize the Debtors to Prepare a List of**
**Creditors in Lieu of Submitting a Formatted Mailing Matrix**

11. Unless a debtors' schedules of assets and liabilities are filed simultaneously with a Chapter 11 petition, section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-4 require a debtor to file a list containing the name and address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor. Bankruptcy Rule 2002(a)(1) further provides that the clerk (or other person directed by the court) must give the debtor, trustee, all creditors and any indenture trustee at least 21 days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code (the "**341 Meeting**"). Bankruptcy Rule 2002(f)(1) also provides that notice of "the order of relief" shall be sent by mail to all creditors.

12. Permitting the Debtors' Proposed Notice and Claims Agent to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these Chapter 11 Cases. Because the Debtors have hundreds of creditors, converting the Debtors' computerized information to a format compatible with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk of error with respect to information already intact on computer systems maintained by the Debtors or their agents.

13. In light of the foregoing, the Debtors submit that proposed maintenance of an electronic list of creditors by their Proposed Notice and Claims Agent is warranted under the facts and circumstances present here, consistent with the applicable provisions of the Local Rules and, indeed, similar to relief routinely granted in comparable Chapter 11 cases. See, e.g., In re The Brooklyn Hospital Center, Case No. 1-05-26990-cec (Bankr. E.D.N.Y. Oct. 6, 2005); In re The Reader's Digest Ass'n, Inc., Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Aug. 25, 2009); In re ION Media Networks, Inc., Case No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009); In re Chemtura Corp., Case No. 09-11233 (REG) (Bankr. S.D.N.Y. Apr. 1, 2009); In re Tronox Inc., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Jan 13, 2009); In re Bally Total Fitness of Greater New York, Inc., 08-14818 (BRL) (Bankr. S.D.N.Y. Dec. 9, 2008); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006).

**Cause Exists to Authorize the Debtors to File a Single, Consolidated Creditor List**

14. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). Because many creditors hold claims against multiple Debtors and the Debtors generally operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors.

15. Because the top 20 creditor lists of the Debtors would overlap, the Debtors submit that filing separate top 20 lists would be of limited utility. Further, the Debtors believe a single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

16. Accordingly, the Debtors submit that filing a consolidated list of their 30 largest unsecured creditors is appropriate under the facts and circumstances present here,

consistent with the applicable provisions of the Local Rules and, indeed, similar to relief routinely granted in comparable Chapter 11 cases. See, e.g., In re The Reader's Digest Ass'n, Inc., Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Aug. 25, 2009); In re ION Media Networks, Inc., Case No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009); In re Chemtura Corp., Case No. 09-11233 (REG) (Bankr. S.D.N.Y. Apr. 1, 2009); In re Tronox Inc., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. Jan 13, 2009); In re Bally Total Fitness of Greater New York, Inc., 08-14818 (BRL) (Bankr. S.D.N.Y. Dec. 9, 2008); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 6, 2006).

**The Form and Manner of the Commencement Notice Should be Approved**

17. Bankruptcy Rule 2002(f) provides that the initial notice of the order for relief (the "**Commencement Notice**") must be mailed to all creditors. Furthermore, Bankruptcy Rule 2002(a)(1) provides that the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21 days notice by mail of the meeting of creditors under § 341 or § 1104(b) of the Code. The Debtors request authority for GCG to serve the Commencement Notice, substantially in the form of Official Bankruptcy Form 9 (for Chapter 11 Cases) by regular mail, postage prepaid, on those entities entitled to receive such notice no later than five business days after the Debtors receive notice from the U.S. Trustee of the time and place of the 341 Meeting.

18. As stated above, the Debtors propose that GCG undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code and Bankruptcy Rules, including, without limitation, the Commencement Notice. GCG's assistance with mailing and preparation of creditors lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee. With such assistance, the Debtors will be

prepared to file a computer-readable consolidated list of creditors and also will be capable of undertaking all necessary mailings.

## NOTICE

19. No trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to (a) the U.S. Trustee; (b) the Debtors' material prepetition and postpetition secured lenders or any agent therefore; (c) counsel for 1199 SEIU National Benefit Fund for Health and Human Service Employees (d) the Office of the United States Attorney; (e) the Office of the New York State Attorney General; (f) the New York State Department of Health; (g) the Internal Revenue Service; and (h) the holders of the 30 largest unsecured claims on a consolidated basis. The Debtors submit that no other notice need be given.

## NO PREVIOUS REQUEST

20. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other or further relief as is just.

Dated: New York, New York
September 19, 2011

ABRAMS FENSTERMAN, *ET AL*.,

By: /s/ Deborah J. Piazza
Deborah J. Piazza
Danielle Elias, Esq.
Abrams Fensterman, *et al.*
630 Third Avenue, 5th Floor
New York, NY 10017
Tel: (212) 279-9200
Fax: (212) 279-0600
dpiazza@abramslaw.com
delias@abramslaw.com

*Proposed Counsel for Debtors and*

**EXHIBIT A**
**Proposed Form of Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re:                                                :          Chapter 11
                                                      :
PENINSULA HOSPITAL CENTER, et al.,                    :          Case No. 11-47056 (ESS)
                                                      :
                                                      :          Jointly Administered
                                                      :
                      Debtors.            :
-------------------------------------------------------- X

**ORDER (A) AUTHORIZING THE DEBTORS TO PREPARE A
LIST OF CREDITORS IN LIEU OF A FORMATTED MAILING
MATRIX; (B) AUTHORIZING THE DEBTORS TO FILE A
CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST
UNSECURED CREDITORS; AND (C) APPROVING THE FORM
AND MANNER OF NOTICE OF COMMENCEMENT OF
THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "**Motion**") of Peninsula Hospital Center ("**PHC**") and Peninsula General Nursing Home Corp. d/b/a Peninsula Center for Extended Care & Rehabilitation ("**PGN**"), as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**") in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an Order (a) authorizing the Debtors to prepare a list of creditors in lieu of a formatted mailing matrix; (b) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors; and (c) approving the form and manner of notice of commencement of the Debtors' Chapter 11 Cases; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the Office of the United States Trustee for the Eastern District of New York; (b) the Debtors' material prepetition and postpetition secured lenders or

1

any agent therefore; (c) the Office of the United States Attorney; (d) the Office of the New York State Attorney General; (e) the New York State Department of Health; (f) the Internal Revenue Service; and (g) the holders of the 30 largest unsecured claims on a consolidated basis; and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion; and upon the record of the hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion, the Toney Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The Debtors are authorized to file a consolidated list of their 30 largest unsecured creditors in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3. In lieu of submitting a formatted mailing matrix, as soon as practicable after entry of an order authorizing the engagement of Garden City Group ("GCG") as notice and claims agent in these Chapter 11 Cases, the Debtors shall furnish to GCG a consolidated list containing the names and last known addresses of the Debtors' creditors.

4. The Debtors, with the assistance of GCG, are hereby authorized and directed to mail the Commencement Notice to the Debtors' creditors no later than five business days after the Debtors receive written notice from the United States Trustee of the time and place of the Section 341 Meeting.

5. The Debtors, with the assistance of GCG (upon this Court's authorization to engage GCG as the Debtors' notice and claims agent), shall undertake all other mailings directed by the Court, the United States Trustee, or as required by the Bankruptcy Code, including, without limitation, the notice of commencement of the Chapter 11 Cases and any other correspondence that the Debtors may wish to send to creditors.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.