**ALSTON & BIRD LLP**
John W. Weiss
John W. Spears
90 Park Avenue
New York, New York 10016
212-210-9400

*Attorneys for JPMorgan Chase Bank, N.A.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
|     PENINSULA HOSPITAL CENTER, *et al.* | Case No. 11-47056 (ESS)<br>11-47985 (ESS) |
| | (Jointly Administered) |
|     Debtors. | |

------------------------------------------------------------X

### JPMORGAN CHASE BANK, N.A.'S RESERVATION OF RIGHTS AND LIMITED OBJECTION TO VARIOUS PENDING MOTIONS

JPMorgan Chase Bank, N.A. ("JPM") hereby files this reservation of rights and limited objection to certain Pending Motions (as defined below), and respectfully submits as follows:

### General Background

1. The general background set forth in *JPMorgan Chase Bank, N.A.'s Limited Objection to Motion for Order Under 11 U.S.C. §§ 105, 361, 362, 363, 364 and FRBP 2002, 4001 and 9014 Authorizing Debtors to (I) Obtain Secured Postpetition Financing on Superpriority Secured Basis ("DIP Loan") and (II) Utilize Cash Collateral and Other Related Requests, (B) Reservation of Rights* (Docket No. 53; the "DIP Objection") is hereby incorporated by reference as if the same were set forth fully herein.

## The Pending Motions

2.     On September 19, 2011 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed the following motions (together, as amended and supplemented from time to time, the "Pending Motions"), among others:

- *Motion for Order (I) Authorizing Payment of Prepetition Wages, Employee Benefits and Expense Reimbursement, (II) Authorizing and Directing Banks to Honor Checks with Respect Thereto, and (III) Approving Payment of Postpetition Wages and Benefits* (Docket No. 24);

- *Motion of Debtors for Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management Systems; (B) Honoring Certain Prepetition Obligations of the Debtors Related to the Cash Management System; (C) Maintaining the Existing Bank Accounts; (D) Continuing Use of Existing Business Forms; and (E) Scheduling a Final Hearing* (Docket No. 25);

- *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Honor Certain Prepetition Obligations to Long-Term Care Residents; (B) Continue to Honor Long-Term Care Resident Refunds; and (C) Maintain Long-Term Care Resident Trust Fund Accounts and Policies; and (II) Scheduling a Final Hearing* (Docket No. 27);

- *Motion for Order under 11 U.S.C. §§ 105, 361, 362, 363, 364 and FRBP 2002, 4001 and 9014 Authorizing Debtors to (I) Obtain Secured Postpetition Financing on Superpriority Secure Basis ("DIP Loan") and (II) Utilize Cash Collateral and Other Related Requests* (Docket No. 29; the "DIP Motion"); and

- *Motion of the Debtors for Entry of Interim and Final Orders under Sections 105(a) and 366 of the Bankruptcy Code (A) Prohibiting Utilities from Altering, Discontinuing, or Refusing Service to, or Discriminating against, the Debtors; (B) Determining that Utilities Are Adequately Assured of Payment; (C) Establishing Procedures for Determining Requests for Adequate Assurances of Payment; and (D) Scheduling a Final Hearing* (Docket No. 30).

3.     An initial hearing on the Pending Motions (the "First-Day Hearing") was held on September 20, 2011.

**Reservation of Rights and Limited Objection**

4. JPM has raised various objections and issues with respect to the relief requested in the Pending Motions during the First-Day Hearing, in its DIP Objection, and in various discussions and correspondence with the Debtors, Revival Acquisition Group LLC ("Revival"), the Office of the United States Trustee, and the official committee of unsecured appointed in these cases.

5. JPM has diligently and patiently worked with the Debtors and such other parties-in-interest in an effort to resolve its objections to the relief requested in the Pending Motions. JPM has been assured by the Debtors and Revival that JPM's various objections will be appropriately addressed and resolved in any orders relating to the Pending Motions or the Debtors' use of cash collateral (including, without limitation, in the way that such objections were addressed on the record of the First-Day Hearing and in Orders entered in these cases to date).

6. Although objections to the Pending Motions are currently due on September 30, 2011, JPM has only received and had an opportunity to comment on drafts of the proposed interim order related to the DIP Motion (the "Proposed Interim DIP Order"). JPM has not yet received or had any opportunity to review any proposed final order related to the DIP Motion, or proposed final orders for any of the other Pending Motions (such proposed final orders together with the Proposed Interim DIP Order, the "Proposed Orders").

7. Accordingly, JPM hereby reserves all of its rights (a) to object to any and all of the relief requested in the Pending Motions, including without limitation raising objections asserted by JPM's counsel during the First-Day Hearing and in the DIP Objection, (b) to take discovery, and (c) to seek an adjournment of any hearings on the Pending Motions, pending JPM being provided a reasonable opportunity to review the Proposed Orders.

Dated: New York, New York
September 29, 2011

**ALSTON & BIRD LLP**

/s/ John W. Weiss
John W. Weiss
John W. Spears
90 Park Avenue
New York, New York 10016
212-210-9400

*Attorneys for JPMorgan Chase Bank, N.A.*