Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

*Proposed Counsel to the Official Committee
of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

PENINSULA HOSPITAL CENTER, *et al.*     Chapter 11

               Debtors.     Case No. 11-47056 (ESS)

                             Jointly Administered

------------------------------------------------------------x

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CBIZ ACCOUNTING, TAX & ADVISORY OF NEW YORK, LLC AND CBIZ, INC. AS FINANCIAL ADVISORS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO:    THE HONORABLE ELIZABETH S. STONG,
       UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") of Peninsula Hospital

Center, *et al.* (the "Debtors"), seeks by this Application (the "Application") entry of an order,

pursuant to Sections 327, 328(a), and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§

101 *et seq.* (the "Bankruptcy Code"), authorizing employment and retention of CBIZ

Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. ("CBIZ"), as financial advisors

to the Committee, *nunc pro tunc* to September 26, 2011.  In support of the Application, the

Committee submits the Declaration of Charles M. Berk (the "Berk Affidavit"), annexed hereto as

<u>Exhibit A</u> and incorporated herein by reference, and respectfully represents as follows:

The Debtors and their Businesses

1.      On August 16, 2011 an involuntary chapter 11 proceeding was filed against Peninsula Hospital Center ("PHC").  On September 19, 2011 (the "Petition Date"), PHC consented to entry of an order for relief under Bankruptcy Code chapter 11 and Peninsula General Nursing Home Corp. ("PGN") filed for relief under Bankruptcy Code Chapter 11.  No trustee or examiner has been appointed to date.

2.      The Debtors continue to operate their businesses and manage their assets as Debtors in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      PHC operates a 173-bed acute care community teaching hospital campus with resident training programs in orthopedics, general surgery, family practice, dentistry and podiatry.  PHC provides a full continuum of care including acute, rehabilitative, outpatient, diagnostic, primary care, and wellness to the communities of the Rockaways, the Five Towns of Nassau County, and parts of Queens and Brooklyn.  PHC provides a wide range of services which include: Traumatic Brain Injury Unit, Angels on the Bay Pediatric Unit, Family Health Center, Diabetes (Adult and Pediatric) Treatment Centers, Advanced Imaging Services (including MRI/MRA, 16-slice CT, Mammography Unit, Nuclear Medicine, Radiation Oncology service with linear accelerator, Podiatry, Dental, Orthopedics, and Eye Care Center on site. Additionally, PHC operates a 16-bed private room Inpatient Hospice Care Center—Butterflies by the Sea—the Eisenstadt Hospice Center at Peninsula.  PHC also serves as the hospital affiliate

---

[1]    The background facts set forth herein are primarily based upon the representations contained in papers filed by the Debtor in these proceedings.  As the Committee was just organized and has not yet verified the accuracy of such statements, nothing contained herein or otherwise shall be deemed a waiver of the Committee's right to dispute or challenge the facts set forth herein.

for the Joseph P. Addabbo Family Health Center, and is a Federally Qualified Health Center with the New York State Department of Health Stroke Center designation.

4.      PGN is a nursing home facility encompassing a 200-bed long-term care and rehabilitation center (Peninsula Center for Extended Care and Rehabilitation).

5.      The Debtors employ almost 1,000 individuals.

6.      The Debtors derive mutual benefit from their relationship with each other and being located on adjoining properties.  They share over-head costs and nursing staff, and benefit from cross-referrals.  The value of each entity is substantially increased by the continued operations of the other.

CBIZ's Retention

7.      On September 22, 2011, the Office of United States Trustee for the Eastern District of New York appointed five (5) members to the Committee pursuant to Sections 1102(a) and 1102(b) of the Bankruptcy Code.  A list of the members of the Committee is annexed hereto as Exhibit B.  The Committee selected Sodexo Operations, LLC as its Chair.  Thereafter, at a meeting during which the majority of the Committee members participated, the Committee selected and formally voted to retain CBIZ as financial advisors, subject to the approval of the Court.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue of these proceedings is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.  Sections 327, 328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 are the statutory predicates for the relief sought by this Application.

**RELIEF REQUESTED HEREIN**

9.       The Committee seeks to have this Court approve the retention of CBIZ, a provider

of professional business services, with offices located at 1065 Avenue of the Americas, New

York, New York 10018.

10.       The Committee selected CBIZ because the professionals of CBIZ have

considerable experience in matters of this character.  Accordingly, the Committee believes that

CBIZ is well qualified to provide financial advisory services to the Committee in this

proceeding.

**SERVICES TO BE RENDERED BY CBIZ**

11.       The professional services CBIZ is to render will include, but are not limited to,

the following:

> a. Assist the Committee in its evaluation of the Debtors' post-petition cash flow and/or other projections and budgets prepared by the Debtors or its financial advisors.
>
> b. Monitor the Debtors' activities regarding cash expenditures and general business operations subsequent to the filing of the petition under Chapter 11.
>
> c. Assist the Committee in its review of monthly operating reports submitted by the Debtors or its financial advisors.
>
> d. Manage or assist with any investigation into the pre-petition acts, conduct, transfers property, liabilities and financial condition of the Debtors, its management, or creditors, including the operation of the Debtors' businesses.
>
> e. Analyze transactions with the Debtors' financing institutions. Provide financial analysis related to the Debtors' use of Cash Collateral and any DIP financing, including advising the Committee concerning such matters.
>
> f. Analyze transactions with vendors, insiders, related and/or affiliated companies, subsequent and prior to the date of the filing of the petition under Chapter 11.
>
> g. Assist the Committee or its counsel in any litigation proceedings

against the financing institutions of the Debtors, insiders and other potential adversaries.

h. Assist the Committee in its review of the financial aspects of any proposed asset purchase agreement or evaluating any plan of reorganization/liquidation. If applicable, assist the Committee in negotiating, evaluating and quantifying any competing offers.

i. Attend meetings with representatives of the Committee and its counsel. Prepare presentations to the Committee that provides analyses and updates on diligence performed.

j. Perform any other services that may be necessary in our role as accountants/financial advisors to the Committee or that may be requested by Committee counsel or the Committee.

12. CBIZ has indicated a willingness to act on behalf of the Committee and render the necessary professional services as financial advisors for the Committee.

## COMPENSATION TO CBIZ

13. Subject to this Court's approval, CBIZ will charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the accompanying Berk Affidavit.

14. CBIZ intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and Orders of this Court. Compensation will be payable to CBIZ in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by CBIZ.

15. To the best of the Committee's knowledge, other than as disclosed in the Berk Affidavit, CBIZ and its respective professionals have no connection with and no interests

adverse to the Committee, the Debtors, the creditors, the estate or any other party in interest herein or their respective attorneys in matters relating to the Debtors and its estate.

16.    To the best of the Committee's knowledge and except as otherwise disclosed in the Berk Affidavit, CBIZ (i) does not hold or represent any interest adverse to the Committee with respect to the matters for which it is being retained, (ii) CBIZ is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code (as modified by Section 1103(b) of the Bankruptcy Code), (iii) neither CBIZ nor its professionals have any connection with the Committee, the Debtors, its estate or creditors, and (iv) CBIZ's employment is necessary and in the best interests of the Debtors' estate.

17.    The Committee believes that the retention of CBIZ is in the best interests of the Debtors, its estate, and its creditors.

18.    No prior application has been made for the relief requested herein to this or any other Court.

## NOTICE

19.    Notice of this Application has been given to (a) the Office of the United States Trustee, (b) counsel to the Debtor, (c) the twenty largest unsecured creditors, as listed by the Debtor, and (c) all other persons who have requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that such notice is sufficient, and requests that this Court find that no further notice of the relief requested herein is necessary or appropriate.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court approve the retention of CBIZ as financial advisors to the Committee *nunc pro tunc* to September 26, 2011, enter the proposed order authorizing the retention of CBIZ as financial advisors to the Committee and grant such other and further relief as this Court deems just and proper.

Dated: Altamonte Springs, Florida
October 6, 2011

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
PENINSULA HOSPITAL CENTER, ET AL.

By: _____*/s/ Brad Hamman*_____
Committee Chair

Sodexo Operations, LLC
283 Cranes Roost Boulevard, Suite 260
Altamonte Springs, FL 32701
Attn: Brad Hamman
(407) 339-3230

Dated: New York, New York
October 6, 2011

*Proposed* Counsel for the Official Committee
of Unsecured Creditors

ARENT FOX LLP

By: _____*/s/ Robert M. Hirsh*_____
Robert M. Hirsh
1675 Broadway
New York, NY 10019
(212) 484-3900
(212) 484-3990 (Fax)