**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Peninsula Hospital Center, et al., | ) | Case Nos. 11- 47056 (ESS) |
| | ) | 11-47985 (ESS) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the Motion (the "**Motion**")[1] of Peninsula Hospital Center ("**PHC**") Peninsula General Nursing Home Corp. d/b/a Peninsula Center for Extended Care & Rehabilitation ("**PGN**"), as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**") in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order establishing procedures for the interim allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code; and the Court having subject matter jurisdiction to consider the Motion and the relief request therein pursuant to 28 U.S.C. § 157; and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion; the

---

[1] All capitalized but undefined terms used in this Order shall have the meaning ascribed to them in the Motion.

Miller Affirmation; and upon the record of the hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion, the Miller Affirmation, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent provided herein.

2. Except as may otherwise be provided in Orders of this Court authorizing the retention of specific professionals, all Retained Professionals, including without limitation the Patient Care Ombudsman and his professionals, in this case may seek interim compensation in accordance with the following procedures (the "**Compensation Procedures**"):

    (a) On or before the twentieth (20th) day following the month for which compensation is sought, each Retained Professional will serve a monthly statement (the "**Statement**") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on:

        1. Debtors: Peninsula Hospital Center, 51-15 Beach Channel Drive, Far Rockaway, New York 11691, Attn: Todd Miller;

        2. Counsel to the Debtors: Abrams Fensterman et al., 630 Third Avenue, Fifth Floor, New York, New York 10017, Attn: Deborah Piazza, Esq.;

        3. Counsel to the Committee: Arent Fox LLP, 1675 Broadway, New York, New York 10019, Attn: Robert M. Hirsch, Esq.;

        4. Counsel to 1199 SEIU Healthcare Workers: Levy Ratner, P.C., 80 Eighth Avenue, New York, New York 10011, Attn: Suzanne Hepner,

        Esq.; and

5. Office of the United States Trustee: 271 Cadman Plaza East, Brooklyn, New York, 11201, Attn: William E. Curtin, Esq.

(b) The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to Chambers since the order approving this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

(c) For those Retained Professionals who bill based on time, each monthly fee statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Retained Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour, unless the Court orders otherwise with respect to an individual firms' retention.

(d) Each person receiving a statement will have 14 days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the 35th day following the end of the month for which compensation is sought, serve upon the Retained Professional whose statement is objected to, and the Notice Parties, a written "Notice of Objection to Fee Statement" setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the 35-day period, the Debtors shall promptly pay 80% of the undisputed fees and 100% of the undisputed expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

(f) If the Debtors receive an objection to a particular fee statement, they shall withhold payment on that portion of the fee statement to

        which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of Notice of Objection to Fee Statement and if the party whose statement was objected to serves on the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the fees statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (see sub-paragraph (j) below);

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, but no more than every 150 days, each of the Retained Professionals shall serve and file with the Court, an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested and the Debtors shall schedule a hearing at which all such applications will be heard;

(k) The pendency of an interim fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(l) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of any

Retained Professional; and

(m) If a Committee is appointed, the attorneys for the Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Retained Professionals, collect and submit statements of expenses (excluding individual committee members' counsel expenses), with supporting evidence of payment, from members of the Committee he or she represents; provided, however, that such Committee attorneys ensure that these reimbursement requests comply with the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996.

3. Each Retained Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on October 31, 2011.

4. Notice of the interim and final fee applications shall be served on the Notice Parties. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

5. Notice of the hearing on the Fee Applications shall be served on the Notice Parties and all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

6. The amount of fees and disbursements sought shall be set out in U.S. dollars; if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

7. The Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Retained Professionals.

8. Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order this Court, <u>otherwise,</u> this Order shall continue and shall remain in effect during the pendency of this case.

9. All time periods referenced in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

10. Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; <u>provided, however,</u> that the Debtors must serve a copy of this Order on all entities specified in paragraph (a) hereof.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.



**Dated: Brooklyn, New York**  
       **October 7, 2011**

_____  
**Elizabeth S. Stong**  
**United States Bankruptcy Judge**