Robert M. Hirsh, Esq.
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

Counsel for the Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 11-47056-ESS |
| PENINSULA HOSPITAL CENTER, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
REGARDING THE UNITED STATES TRUSTEE'S MOTION
PURSUANT TO 11 U.S.C. §§ 1104(A)(1) AND (2) FOR
<u>ENTRY OF AN ORDER APPOINTING A CHAPTER 11 TRUSTEE</u>**

The Official Committee of Unsecured Creditors (the "Committee") of Peninsula Hospital Center *et al.* (the "Debtors"), by and through Arent Fox LLP, its undersigned counsel, hereby files this statement (the "Statement") regarding the *United States Trustee's Motion Pursuant to 11 U.S.C. §§ 1104(a)(1) and (2) For Entry of an Order Appointing a Chapter 11 Trustee* [Docket No. 438] (the "Trustee Appointment Motion").[1]  In support hereof, the Committee states as follows:

<u>**STATEMENT**</u>

1.      The preliminary findings of the Department of Health which resulted in last week's shutdown of Peninsula Hospital Center's clinical laboratory, has given the Committee serious concern, pause and triggered a reevaluation of the Debtors as a trusted institution. The Committee has been advised that the Debtors' efforts to stabilize the urgent situation have been effective.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Trustee Appointment Motion.

1

Indeed, all patients of the hospital have successfully been transferred to other area institutions.[2] The Committee seeks to ensure that the Debtors immediately take all necessary steps to rectify the laboratory infractions and that the hospital addresses all of the issues outlined in the Department of Health's audit and return to providing quality healthcare to patients in the community.

2. The health, welfare and safety of the patients are being protected by the actions and oversight of the Department of Health and the patient care ombudsman. The Committee has been advised that the Debtors are now focused on developing a plan to address the laboratory infractions in order to restore public confidence in the institution. Once operations are normalized, the Committee is committed to working towards a successful plan of reorganization which it believes is in the best interests of the hospital, nursing home, employees, creditors and the community at large.

3. Over the last several weeks, the Debtors, Committee and Revival Funding Co., LLC ("Revival") have made significant progress towards the objective of reorganization. The Committee's professionals have worked tirelessly to draft a consensual plan that the parties were days away from filing. The Final DIP Order approved a Plan Term Sheet between the Debtors, Committee, and Revival which contains the key economic and legal issues for a plan of reorganization, they are:

  (i)  The emergence of the Debtors from chapter 11 by the first week of May 2011;

  (ii)  Payment of 100% of general unsecured creditors' claims at the nursing home;

  (iii)  Payment of no less than 27% of the general unsecured claims at the hospital;

  (iv)  The funding of a creditor trust;

---

[2] Approximately twenty-three (23) patients have been transferred to the Debtors' nursing home.

(v)     The vesting of all causes of action, including directors' and officers' claims in a creditor trust to be pursued on behalf of hospital general unsecured creditors; and

(vi)    An agreement from Revival to fund an exit facility in the amount of not less than $10 million.

In addition to these extraordinary economic terms for unsecured creditors, the reorganization of the Debtors as a going concern will preserve jobs and healthcare for the surrounding community.

4. However, the Committee has been advised that in the event of a default by the Debtors, the significant benefits of the Plan Term Sheet may be placed at risk. The Committee has been advised that upon the nonconsensual appointment of a chapter 11 trustee, Revival reserves its right to call a default under the credit agreement. This would be a grave and unfortunate result in light of the Debtors' actions to address the laboratory infractions, and sincere efforts to quickly address the Department of Health's issues. The permanent shutdown of the hospital is not in the best interest of the Debtors' employees, creditors and the surrounding community. Through a consensual resolution of the Trustee Appointment Motion, the Committee believes it is possible to prevent the forced liquidation of the Debtors' estates while also balancing the absolutely critical health and safety issues of the hospital's patients.

5. The Committee has worked through the weekend to facilitate a consensual resolution of the Trustee Appointment Motion. The Committee has been advised that the Debtors are working to develop a corrective action plan which, if approved by the Department of Health, would allow the Debtors to restore operations and continue providing healthcare services to the public. This course of action will result in the preservation of jobs, maximization of value and restructuring of the Debtors' operations with a new business plan.

6. In light of the preliminary findings, there is no question that the shutdown of the Debtors' clinical laboratory was designed to protect patients and promote safety. With all patients

off the premises, at this time the Debtors are focused on restoring operations and upgrading facilities and personnel in an expeditious manner to avoid a shutdown of a lengthy duration. In contrast, a nonconsensual appointment of a chapter 11 trustee creates the risk that the Debtors may never reopen the hospital facilities and all the benefits of the negotiated plan, the service to the community and the long-standing integrity of the hospital will be lost.

## POSSIBLE SOLUTION

7. As of 10:00 p.m. on February 26, 2012, no agreement has yet been reached. The Committee believes that such a resolution may be possible with additional time. Therefore, the Committee respectfully requests the Court conduct a chambers conference tomorrow morning to discuss the current status of negotiations between the parties. In the event there remains no agreement in place, the Committee suggests two possible courses of action. First, Your Honor could direct the parties to fast-track mediation before heading straight to trial. The mediation could be facilitated either by Your Honor or an independent, neutral third party appointed by Your Honor. Second, in the event the parties are making progress in their discussions, adjourn the hearing on the Trustee Appointment Motion to allow the parties additional time to work towards a consensual resolution.

## RESERVATION OF RIGHTS

8. The Committee reserves the right to further address the Trustee Appointment Motion and related pleadings and other ancillary issues either by further submission to this Court, at oral argument or by testimony to be presented at any hearing. The Committee expressly reserves the right to supplement this Statement at any time prior to or during the hearing on the Trustee Appointment Motion.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (a) hold a chambers conference tomorrow morning to discuss the current status of negotiations between the parties, (b) adjourn the hearing on the Trustee Appointment Motion to allow the parties additional time to continue negotiations, and (c) grant such other, further and different relief as is just and proper.

Dated:　New York, New York
　　　　February 26, 2012

ARENT FOX LLP

Official Committee of Unsecured Creditors for Peninsula Hospital Center, *et al.*

By: ___*/s/ Robert M. Hirsh*___
　　　Robert M. Hirsh, Esq.
　　　1675 Broadway
　　　New York, NY 10019
　　　(212) 484-3900