UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PENINSULA HOSPITAL CENTER, et al., | Case No.: 11-47056 (ESS)<br>Case No.: 11-47985 (ESS) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------x

**MEDIATION REFERRAL ORDER**

WHEREAS, on August 16, 2011, an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against Peninsula Hospital Center ("PHC"); and

WHEREAS, on September 19, 2011, PHC consented to the entry of an order for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 19, 2011, Peninsula General Nursing Home Corp. d/b/a Peninsula Center for Extended Care & Rehabilitation ("PNH" and together with PHC, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 21, 2011, the Court entered an Order for relief against PHC under Chapter 11 of the Bankruptcy Code; and

WHEREAS, the Debtors' cases are being jointly administered in accordance with an order of the Court; and

WHEREAS, the Debtors operated their businesses and managed their property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108 until the Trustee was appointed; and

WHEREAS, by Notice of Appointment of Chapter 11 Trustee dated March 9, 2012, the Office of the United States Trustee appointed Lori Lapin Jones as the Chapter 11 Trustee of the Debtor's estate (the "Chapter 11 Trustee"); and

WHEREAS, by Order dated March 9, 2012, the Court approved the appointment of Lori Lapin Jones as the Chapter 11 Trustee for the Debtor's estate; and

WHEREAS, on August 1, 2015, the Chapter 11 Trustee filed a letter with the Court stating that "there are disputes regarding fees between the Chapter 11 estates and the Debtors' counsel, Abrams Fensterman" and that the parties have agreed to attempt to mediate their disputes and, if possible, to do so with a judicial mediator."

NOW THEREFORE, it is hereby

ORDERED, that the parties are referred to the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, for mediation, pursuant to Rule 9019-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York; and it is further

ORDERED, that counsel for the Debtors and the Chapter 11 Trustee are directed to confer within five (5) days following entry of this Order regarding dates parties are available for mediation; immediately thereafter, counsel for the Chapter 11 Trustee, acting as liaison for the parties, shall contact Judge Trust by email directed to the Judge's Courtroom Deputy, Yvette Mills, at ast_hearings@nyeb.uscourts.gov to set a schedule for the mediation; and it is further

ORDERED, that on or before August 25, 2015, the parties shall submit a stipulation and mediation order (a proposed form of which is annexed hereto) to be so-ordered by this Court, which sets forth the terms of the mediation; and it is further

ORDERED, that an individual with final authority to settle this controversy and to bind the party shall attend the mediation on behalf of each party; and it is further

ORDERED, that an adjourned status conference in this case shall be held on September 25, 2015, at 9:00 a.m. at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3585.

**Dated: Brooklyn, New York**
**August 17, 2015**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PENINSULA HOSPITAL CENTER, et al., | Case No.: 11-47056 (ESS)<br>Case No.: 11-47985 (ESS) |
| Debtors. (Jointly Administered) | |

-----------------------------------------------------------x

**STIPULATION AND MEDIATION ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept ________________________________ to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties, and shall be subject to Court approval if the estate is to be charged with such expense. Absent agreement or Court order to the contrary, the parties to the Mediation shall pay equal shares of the Mediator's compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: ___________________________

___________________________________ ___________________________________

Plaintiff

___________________________________ ___________________________________

Plaintiff

___________________________________ ___________________________________

Attorneys for Plaintiffs

___________________________________ ___________________________________

Defendant

___________________________________ ___________________________________

Attorneys for Defendant

Consented to: ____________________________________

Mediator

IT IS SO ORDERED.

_____________________________

Elizabeth S. Stong

United States Bankruptcy Judge

Dated: Brooklyn, New York

______________________