**STORCH AMINI & MUNVES PC**
*Special Counsel for Lori Lapin Jones, as Chapter 11 Trustee*
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Telephone: (212) 490-4100
Bijan Amini, Esq.
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| PENINSULA HOSPITAL CENTER, et al., | Case No.: 11-47056 (ESS) |
| | Case No.: 11-47985 (ESS) |
| Debtors. | (Jointly-Administered) |

-------------------------------------------------------------x

**SUMMARY SHEET FOR FIFTH INTERIM APPLICATION OF STORCH AMINI & MUNVES PC, AS SPECIAL COUNSEL FOR LORI LAPIN JONES, THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 23, 2013 THROUGH AND INCLUDING JUNE 30, 2015**

| | |
|---|---|
| Name of Applicant: | Storch Amini & Munves PC |
| Role in Case: | Special Litigation Counsel and Special Insurance and Employee Related Claims Counsel for Trustee |
| Period for which Compensation and Reimbursement are Sought: | PGN: June 23, 2013 through and including June 30, 2015<br>PHC: January 1, 2014 through and including June 30, 2015 |
| Total Interim Compensation Requested: | PGN: $87,249.00<br>PHC: $37,093.72 |
| Total Reimbursement of Expenses Requested: | PGN: $1,445.67<br>PHC: $182.28 |

1

| | |
|---|---|
| Total Compensation Previously Awarded: | $1,712,876.23 in contingency fees (PHC/PGN) |
| | $38,108.48 in hourly fees (PHC) |
| Total Reimbursement of Expenses Previously Awarded: | $59,835.67 |

The following attorneys and paraprofessionals provided services in connection with this application as it relates to PGN:

| Name and Title | Year Admitted in New York | Hours Billed | Hourly Rate with 10% Reduction | Total Billed |
|---|---|---|---|---|
| Bijan Amini<br>Executive Officer | 1985 | 20.65 | $585.00 | $12,080.25 |
| Avery Samet<br>Officer | 2004 | 126.05 | $450.00[*] | $55,473.75 |
| Marshall Mattera<br>Associate | 2009 | 37.9 | $292.50[**] | $9,585.75 |
| Jaime Leggett<br>Associate | 2011 | 17.45 | $292.50 | $5,104.13 |
| Hayley Lowe<br>Associate | 2014 | 15.7 | $270.00[***] | $2,422.57 |
| Kelly McCullough<br>Law Clerk | Not yet admitted | 1.15 | $148.50 | $170.78 |
| Ashley Blum<br>Paralegal | n/a | .75 | $99.00 | $74.25 |
| Megan M. Fenton<br>Paralegal | n/a | 22.70 | $99.00 | $2,247.30 |
| Caroline Hammer<br>Paralegal | n/a | .25 | $99.00 | $25.87 |
| Pooja Patel<br>Paralegal | n/a | .35 | $99.00 | $34.65 |
| Izabelle Tully<br>Paralegal | n/a | .30 | $99.00 | $29.70 |
| TOTAL BILLED: | | 243.25 | | $87,249.00 |
| TOTAL COMPENSATION REQUESTED: | | | | $87,249.00 |

[*]5.55 hours of Avery Samet's time were billed at half rate for travel.
[**]Total amount billed by Marshall Mattera was reduced by $1,500.
[***]14.95 hours of Hayley Lowe's time were billed before she was admitted in November 2014, and were billed at $148.50.

The blended hourly rate for attorneys in connection with the application is $405.08.

The blended hourly rate for all compensation in connection with this application is $358.68.

The following attorneys and paraprofessionals provided services in connection with this application as it relates to PHC:

| Name and Title | Year Admitted in New York | Hours Billed | Hourly Rate with 10% Reduction | Total Billed |
|---|---|---|---|---|
| Avery Samet Officer | 2004 | 67.65 | $450.00[*] | $29,823.75 |
| Marshall Mattera Associate | 2009 | 1.5 | $292.50 | $438.75 |
| Jaime Leggett Associate | 2011 | 17.45 | $292.50 | $5,104.12 |
| Hayley Lowe Associate | 2014 | 7.7 | $270.00[**] | $1,234.58 |
| Kelly McCullough Law Clerk | Not yet admitted | 1.15 | $148.50 | $170.77 |
| Megan M. Fenton Paralegal | n/a | 2.95 | $99.00 | $292.05 |
| Izabelle Tully Paralegal | n/a | .3 | $99.00 | $29.70 |
| TOTAL BILLED: | | 98.70 | | $37,093.72 |
| TOTAL COMPENSATION REQUESTED: | | | | $37,093.72 |

[*]2.75 hours of Avery Samet's time were billed at half rate for travel.
[**]6.95 hours of Hayley Lowe's time were billed before she was admitted in November 2014, and were billed at $148.50.

The blended hourly rate for attorneys in connection with the application is $387.20.

The blended hourly rate for all compensation in connection with this application is $375.82.

**STORCH AMINI & MUNVES PC**
*Special Counsel for Lori Lapin Jones, as Chapter 11 Trustee*
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Telephone: (212) 490-4100
Bijan Amini, Esq.
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| PENINSULA HOSPITAL CENTER, et al., | Case No.: 11-47056 (ESS) |
| | Case No.: 11-47985 (ESS) |
| Debtors. | (Jointly-Administered) |

-------------------------------------------------------------x

**FIFTH INTERIM APPLICATION OF STORCH AMINI & MUNVES PC, AS SPECIAL COUNSEL FOR LORI LAPIN JONES, THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 23, 2013 THROUGH AND INCLUDING JUNE 30, 2015**

TO:   THE HONORABLE ELIZABETH S. STONG
        UNITED STATES BANKRUPTCY JUDGE:

Storch Amini & Munves PC ("SAM"), special counsel to Lori Lapin Jones, Chapter 11 Trustee (the "Trustee") of Peninsula Hospital Center ("PHC") and Peninsula General Nursing Home Corp. (d/b/a Peninsula Center for Extended Care and Rehabilitation) ("PGN" and, together with PHC, the "Debtors"), as and for its fifth interim application (the "Application") for entry of an Order, pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure and Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York, allowing interim compensation for services rendered and reimbursement of expenses on account of SAM's representation of the Trustee (a) in the PGN case for the period June 23,

5

2013 through and including June 30, 2015 and (b) in the PHC case for the period January 1, 2014 through June 30, 2015, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330 and 331 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## PROCEDURAL BACKGROUND

4. On August 16, 2011, an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against PHC. On September 19, 2011, PHC consented to entry of the order for relief under Chapter 11 of the Bankruptcy Code and, on that same day, PGN filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On September 21, 2011, the Court entered an order for relief under Chapter 11 of the Bankruptcy Code [Dkt. No. 42]. The Debtors' cases are being jointly administered in accordance with an order of this Court [Dkt. No. 38].

5. The Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108 until the Trustee was appointed.

6. On September 22, 2011, an Official Committee of Unsecured Creditors (the "Creditors' Committee") was appointed by the Office of the United States Trustee (the "UST") [Dkt. No. 49].

7. On December 9, 2011, the Debtors consented to the appointment of an examiner in these Chapter 11 Cases [Dkt. No. 247]. The UST's appointment of Richard T. McCord, Esq. as Examiner was approved by the Court on December 16, 2011 [Dkt. No. 265]. The Examiner filed his preliminary report on January 31, 2012 [Dkt. No. 357].

8. On February 23, 2012, the New York State Department of Health ("DOH") issued two orders for summary action (the "Summary Orders") which indicated, inter alia, the existence of serious deficiencies in the administration and operation of PHC's clinical laboratory. The Summary Orders further found the continued operation of the laboratory would pose a danger to the health of current and future patients. As a result of these findings, DOH suspended the laboratory's permits and directed PHC to transfer its patients to other facilities. All general activities dependent upon the laboratory services were also suspended as a result of the issuance of the Summary Orders.

9. Based on the findings in the Summary Orders, on February 24, 2012 the UST filed a Motion seeking the appointment of a Chapter 11 Trustee (the "UST Trustee Motion") [Dkt. No. 438]. On February 26, 2012, the Debtors filed an objection to the UST Trustee Motion [Dkt. No. 445]. However, on March 6, 2012, a Consent Order Directing the Appointment of a Chapter 11 Trustee, which was executed on behalf of the Debtors, the UST, the Committee, and DOH, was entered approving the UST Trustee Motion and authorizing and directing the UST to appoint a Chapter 11 Trustee for the Debtors' Chapter 11 Cases [Dkt. No. 463].

10. By Notice of Appointment of Chapter 11 Trustee dated March 9, 2012, the UST appointed Lori Lapin Jones as the Chapter 11 Trustee of the Debtors' estates [Dkt. No. 471]. By Order dated March 9, 2012, the Court approved the appointment of Lori Lapin Jones as the Chapter 11 Trustee for the Chapter 11 Cases [Dkt. No. 476].

11. The Trustee initially retained SAM on a hybrid-contingency basis for the purpose of (i) conducting an investigation of the financial affairs of the Debtors, and (ii) depending on the outcome of the investigation, commencing actions and/ or engaging in settlement negotiations on behalf of the Trustee. By Order dated November 13, 2012, (the "Employment Order"), the Court approved the employment of SAM as special counsel for the Trustee [Dkt. No. 786]. The fees requested in this Application do not relate to the work performed by SAM in connection with the Employment Order.

12. Subsequently, by supplemental application, the Trustee sought to amend the Employment Order to expand SAM's employment to include advising the Trustee on an hourly basis concerning insurance coverage and claims issues and issues arising out of employee-related claims (including health care claims) (the "Hourly Representation"). By Order dated July 24, 2013, (the "Amended Employment Order"), the Court approved the amended terms of SAM's employment [Dkt. No. 1103]. Copies of the Employment Order and Amended Employment Order are together annexed as **Exhibit "A"**.

13. Pursuant to the Amended Employment Order, SAM was employed on an hourly basis, with an agreed upon 10% reduction in SAM's usual hourly fees. The fees requested in this Application relate solely to SAM's Hourly Representation under the Amended Employment Order.

## SUMMARY OF COMPENSATION AND RELIEF REQUESTED

14. By this Application, SAM seeks: (a) in the PGN case, (i) allowance of interim compensation for legal services rendered as special counsel to the Trustee in the PGN case pursuant to the Hourly Representation for the period June 23, 2013 through and including June 30, 2015 (the "PGN Compensation Period") in the amount of $87,249.00 (the "PGN Fee Request") representing 243.25 hours in professional services, and (ii) reimbursement of actual and necessary expenses incurred during the PGN Compensation Period in the amount of $1,445.67 (the "PGN Expense Request" and, together with the PGN Fee Request, the "PGN Request"); and (b) in the PHC case, (i) an allowance of interim compensation for legal services rendered as special counsel to the Trustee in the PHC case pursuant to the Hourly Representation for the period January 1, 2014 through and including June 30, 2015 (the "PHC Compensation Period") in the amount of $37,093.72 (the "PHC Fee Request") representing 98.70 hours in professional services, and (ii) reimbursement of actual and necessary expenses incurred during the PHC Compensation Period in the amount of $182.28 (the "PHC Expense Request" and, together with the PHC Fee Request, the "PHC Request")(the PHC Request together with the PGN Request, the "Request").

15. SAM has prepared this Application in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York Bankruptcy Cases adopted by the Court on June 10, 2013 (the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines")(collectively, the "Guidelines"). Pursuant to the Guidelines, a certification is annexed hereto as **Exhibit "B"**.

16. Overall, this is SAM's fifth application for an interim allowance of fees and expenses in connection with its representation of the Trustee as special counsel; however it is SAM's second application for an allowance of fees and expenses under SAM's expanded Hourly Representation pursuant to the Amended Employment Order. All of the services for which interim compensation is sought herein were rendered for and on behalf of the Trustee and not on behalf of any other person or entity. The requested compensation relates to services performed for (a) PHC or PHC's allocated (50%) portion of services performed and (b) PGN or PGN's allocated (50%) portion of services performed.

## BASIS FOR COMPENSATION

17. SAM maintains written records of time spent by all attorneys and paraprofessionals performing legal services on behalf of the Trustee. Such time records are made contemporaneously with the rendering of services by the person rendering such services and in the ordinary course of the SAM's practice. The records reflect the name of the attorney, or paraprofessional, the date on which the services were performed, the services rendered and the amount of time spent performing the services during the PGN and PHC Compensation Periods. A summary schedule of all attorney and paraprofessional hours billed during the PGN and PHC Compensation Periods on the Hourly Representation and copies of SAM's time records are annexed as **Exhibit "C"**.[1] Included in SAM's time records is a list of the attorneys who worked on the Hourly Representation during the PGN and PHC Compensation Periods, the aggregate time spent, current hourly billing rates, and the value of the total time expended.

---

[1] SAM employs three billing codes for its Hourly Representation: one for matters relating solely to PHC, one for matters relating solely to PGN, and one for matters relating to both. For matters relating to both PHC and PGN, SAM splits its bills equally between each estate, and the billed amounts in those time records owed by PHC for the period from June 23, 2013 to December 31, 2013 were previously awarded to SAM pursuant to its third application for interim compensation.

18. In accordance with the Employment Order, SAM has agreed to discount its normal hourly rates by 10%.

19. SAM maintains records of all actual and necessary out-of-pocket expenses it incurs. Annexed as **Exhibit "D"** is a schedule reflecting the categories of expenses and amounts for which reimbursement is requested by SAM.

## SUMMARY OF SERVICES RENDERED

20. This Application provides an overview of the tasks performed by SAM during the PGN and PHC Compensation Periods on account of the Hourly Representation.

21. The Court is well-aware of the complex and unfortunate situation faced by the Trustee when she inherited a self-funded health benefits plan and former employees were left with unpaid health claims. During the PGN and PHC Compensation Periods, SAM moved quickly to ascertain the universe of employee related claims asserted against the estate and to analyze what if any insurance coverage was available and applicable to such claims. In addition, SAM investigated and then began taking steps to address critical issues relating to Empire Blue Cross Blue Shield ("Empire") and the various issues concerning the unpaid employee health benefit claims. SAM assisted the Trustee in negotiating a series of interim agreements and then a final agreement with Empire which reduced the scope of and then ultimately resolved the employee health benefits situation. SAM spent significant time communicating with former employees of the Debtors, their health providers and collection agencies regarding the issues surrounding Empire and the employee health benefits. In addition, SAM assisted the Trustee in dealing with several discreet insurance and employee related issues, all as discussed below.

22. To this end, during the PGN and PHC Compensation Periods, SAM:

(a) Gathered and conducted a review of applicable insurance policies;

(b) Analyzed claims asserted for potential insurance coverage;

(c) Investigated and reviewed available documentation and Court pleadings related to the Empire and employee benefits issues;

(d) Conducted extensive negotiations with Empire, including in-person meetings with counsel and executives of Empire, concerning the employee health benefits issues;

(e) Responded to and regularly communicated with the United States Department of Labor inquiries concerning the employee health benefits issue;

(f) Prepared and issued a special notice to all unpaid health providers of former PHC and PGN employees explaining the health benefits issue;

(g) Set up a hotline at SAM for former employees to (i) call and receive information concerning the health benefits issue and (ii) provide SAM with information concerning specific developments in collection efforts against them.

(h) Where requested by former employees, contacted numerous health care providers and collection agencies to explain the health benefits issue and to ask them to relax their collection efforts.

(i) Negotiated numerous interim and a final settlement agreements with Empire concerning the employee health benefits issue;

(j) Prepared and prosecuted a motion pursuant to Bankruptcy Rule 9019 to approve the final settlement agreement with Empire;

(k) Attended numerous status conferences to update the Court on the status of the employee health benefits issue and the status of the interim and final settlements;

(i) Consulted with and reported regularly to the Trustee on the status of the insurance issues.

**BASIS FOR RELIEF REQUESTED**

23. SAM respectfully submits that, in light of the applicable statutory provisions and case law, an examination of the specific services rendered on behalf of the Trustee during the PGN and PHC Compensation Periods demonstrates that this Application should be granted.

**I.   The Request for a Final Compensation Should Be Approved**

24. Pursuant to Bankruptcy Code § 330, after notice and a hearing the Bankruptcy Court may award a professional person employed under Bankruptcy Code § 327 "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The statute further provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A)   the time spent on such services;
> (B)   the rates charges for such services;
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25. Pursuant to Bankruptcy Code § 331, the Court may allow interim compensation and reimbursement of expenses for a professional person employed under Bankruptcy Code § 327 once every one hundred and twenty (120) days after the order for relief "as is provided under section 330 of this title." 11 U.S.C. § 331. To determine whether an allowance of interim compensation and reimbursement of expenses is warranted under Bankruptcy Code §§ 330 and 331 of the Bankruptcy Code, the Court must inquire into the following three general areas:

a. Are the services that are the subject of the application properly compensable legal services?

b. If so, were they necessary and is the performance of necessary tasks adequately documents?

c. If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citations omitted); see In re Poseidon Pools of Am., 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge properly examined time entries to determine "(1) whether the services were adequately documented and (2) whether they were actual and necessary").

### A. Properly Compensable Legal Services

26. The services rendered by SAM during the PGN and PHC Compensation Periods, as outlined herein, were legal services and are properly compensable as such. In making this determination, "the threshold question should be whether the services performed were those which one not licensed to practice law could properly perform for another for compensation." In re Shades of Beauty, Inc., 56 B.R. 946, 949 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988).

27. SAM performed legal services relating to discrete legal tasks on behalf of the Trustee. The services for which SAM seeks compensation "are not those generally performed by a trustee without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

### B. Necessary and Actual Services

28. SAM submits that the legal services it performed were also "actual" and "necessary" within the meaning of Bankruptcy Code § 330(a)(1). See 11 U.S.C. § 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); see also In re Wildman, 72 B.R. 700, 707–08 (Bankr. N.D. Ill. 1987) ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary." (citation omitted)). As the detailed Time Records indicate, SAM "actually" performed the legal services for which it is now seeking compensation. See In re Wildman, 72 B.R. at 707; In re Shades of Beauty, Inc., 56 B.R. at 950.

29. It is incumbent on the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as: (a) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (b) the extent the estate will suffer if the services are not rendered; and (c) the extent the estate may benefit if the services are rendered and the likelihood of the disputed issues being resolved successfully. See In re Wildman, 72 B.R. at 707; In re Shades of Beauty, Inc., 56 B.R. at 950. Here, all of the services performed by SAM were necessary and beneficial to the Trustee.

30. Based on the above, as well as the detailed time records annexed to this Application, SAM respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Trustee during the PGN and PHC Compensation Period were rendered and that such services were "actual" and "necessary".

### C. Value of Services/Extent of Compensation

31. In determining the value of legal services and the extent of compensation, this Court should consider: whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and, the cost of comparable services performed in non-bankruptcy cases. See 11 U.S.C. § 330(a)(3)(A)–(F). Legal services for which a firm seeks compensation should be judged by a "standard of economy", which rewards attorneys for "efficiency". In re Shades of Beauty, Inc., 56 B.R. at 951.

32. SAM submits that the PGN and PHC Fee Requests are less than the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. SAM has reduced its typically hourly fees by 10% for all professionals and paraprofessionals. Based on all of these factors, SAM respectfully submits that the PGN and

PHC Fee Requests are reasonable. See In re Wiedau's, Inc., 78 B.R. at 909 (citing a variety of factors in applied in determining "reasonableness of the number of hours and the hourly rate", including: the time and labor required; the skill necessary to properly perform the services; the preclusion of other employment by the attorney due to the case; time limitations imposed by circumstances; and the experience, reputation and ability of the attorney); see also In re Shades of Beauty, Inc., 56 B.R. at 951.

33. During the PGN and PHC Compensation Periods, SAM expended hours of professional services to the Trustee. A majority of the services rendered in this case were rendered by one (1) attorney. The blended attorney hourly rate for SAM during the PGN Compensation Period was $358.68. The blended hourly rate for all services during the PHC Compensation Period was $375.82. SAM submits that these rates are reasonable for a case of this nature and complexity.

## II. Reimbursement of Expenses

34. It is respectfully submitted that the Court should also allow SAM reimbursement for its expenses in the amount of as set forth on **Exhibit "D"**. See In re Poseidon Pools, 216 B.R. at 101 ("Bankruptcy Courts . . . often allow reimbursement of expenses.").

35. The charges for which SAM seeks reimbursement are not included in SAM's overhead and none of the charges for which SAM seeks reimbursement are being charged above cost to SAM. Accordingly, allowing such reimbursement will not result in an "estate [being] unnecessarily burdened, and a law firm undeservedly benefitted." See In re Croton River Club, 162 B.R. 656, 662 (Bankr. S.D.N.Y. 1993). Rather, SAM is asking only to be reimbursed for the actual out-of-pocket expenses incurred in its representation of the Trustee with respect to

administration of this bankruptcy estate. On that basis, reimbursement for the requested expenses is appropriate and should be allowed.

## CONCLUSION

36. SAM submits that the services it performed during the PGN and PHC Compensation Periods in the PGN and PHC cases were economical and necessary.

37. No agreement or understanding exists between SAM and any other person for the sharing of compensation received for services rendered in connection with the representation of the Trustee.

38. No division of compensation will be made by SAM and no action prohibited by Bankruptcy Code § 504 has been made or will be made by SAM.

39. Except as set forth above, no prior application has been made to this or any other Court for the relief requested herein.

**WHEREFORE**, SAM respectfully requests entry of an order:

(a) awarding as interim compensation in the amount of $37,093.72 for SAM's services rendered in the PHC case during the PHC Compensation Period;

(b) allowing reimbursement of the SAM's expenses in the amount of $182.28 in the PHC case during the PHC Compensation Period;

(c) authorizing payment of such compensation and expenses in the PHC case;

(d) awarding as interim compensation in the amount of $87,249.00 for SAM's services rendered in the PGN case during the PGN Compensation Period;

(e) allowing reimbursement of the SAM's expenses in the amount of $1,445.67 in the PGN case during the PGN Compensation Period;

(f) authorizing payment of such compensation and expenses in the PGN case as may be limited by carve-out funds; and

(g) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 18, 2015

**STORCH AMINI & MUNVES PC**
*Special Counsel to Lori Lapin Jones, as Chapter 11 Trustee*

By: _/s/ Avery Samet_____
Bijan Amini, Esq.
Avery Samet, Esq.
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Telephone: (212) 490-4100